JUDGE DANIELS   07 CV   312

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JAN 12 2007
U.S.D.C. S.D N.Y.
CASHIERS

| | |
|---|---|
| RUSSELL HENNING, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) ) | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS** |
| vs. ) ) | |
| CELESTICA INC., STEPHEN W. DELANEY and ANTHONY P. PUPPI, ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. ) ) ) | |

Plaintiff has alleged the following based upon the investigation of plaintiff's counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings by Celestica Inc. ("Celestica" or the "Company"), as well as regulatory filings and reports, securities analysts' reports and advisories about the Company, press releases and other public statements issued by the Company, and media reports about the Company, and plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal class action on behalf of purchasers of the securities of Celestica between July 27, 2006 and December 12, 2006, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act [15 U.S.C. §§78j(b) and 78t(a)] and Rule 10b-5 promulgated thereunder by the SEC [17 C.F.R. §240.10b-5].

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act [15 U.S.C. §78aa].

4. Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. §1391(b), as many of the acts and practices complained of herein occurred in substantial part in this District.

5. In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

6. Plaintiff Russell Henning, as set forth in the accompanying certification, incorporated by reference herein, purchased the securities of Celestica at artificially inflated prices during the Class Period and has been damaged thereby.

7. Defendant Celestica provides electronic manufacturing services to original equipment manufacturers in the computing, telecommunications, aerospace and defense, automotive, consumer electronics, and industrial sectors in Asia, the Americas, and Europe.

8. (a) Defendant Stephen W. Delaney ("Delaney") served as Celestica's Chief Executive Officer ("CEO") during the Class Period until his resignation on November 27, 2006.

(b) Defendant Anthony P. Puppi ("Puppi") served as Celestica's Chief Financial Officer ("CFO") during the Class Period.

(c) Defendants Delaney and Puppi are collectively referred to herein as the "Individual Defendants."

9. Because of the Individual Defendants' positions with the Company, they had access to the adverse undisclosed information about the Company's business, operations, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents (including the Company's operating plans, budgets and forecasts and reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith.

10. It is appropriate to treat the Individual Defendants as a group for pleading purposes and to presume that the false, misleading and incomplete information conveyed in the Company's public filings, press releases and other publications as alleged herein are the collective actions of the narrowly defined group of defendants identified above. Each of the above officers of Celestica, by

virtue of their high-level positions with the Company, directly participated in the management of the Company, was directly involved in the day-to-day operations of the Company at the highest levels and was privy to confidential proprietary information concerning the Company and its business, operations, growth, financial statements, and financial condition, as alleged herein. Said defendants were involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein, were aware, or recklessly disregarded, that the false and misleading statements were being issued regarding the Company, and approved or ratified these statements, in violation of the federal securities laws.

11. As officers and controlling persons of a publicly-held company whose common stock was, and is, registered with the SEC pursuant to the Exchange Act, and was, and is, traded on the New York Stock Exchange ("NYSE"), and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate promptly, accurate and truthful information with respect to the Company's financial condition and performance, growth, operations, financial statements, business, markets, management, earnings and present and future business prospects, and to correct any previously-issued statements that had become materially misleading or untrue, so that the market price of the Company's publicly-traded common stock would be based upon truthful and accurate information. The Individual Defendants' misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

12. The Individual Defendants participated in the drafting, preparation, and/or approval of the various public and shareholder and investor reports and other communications complained of herein and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially false and misleading nature. Because of their Board membership and/or executive and managerial positions with Celestica, each of the Individual Defendants had access to the adverse undisclosed information about Celestica's business

prospects and financial condition and performance as particularized herein and knew (or recklessly disregarded) that these adverse facts rendered the positive representations made by or about Celestica and its business issued or adopted by the Company materially false and misleading.

13.     The Individual Defendants, because of their positions of control and authority as officers and/or directors of the Company, were able to and did control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period. Each Individual Defendant was provided with copies of the documents alleged herein to be misleading prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or cause them to be corrected. Accordingly, each of the Individual Defendants is responsible for the accuracy of the public reports and releases detailed herein and is therefore primarily liable for the representations contained therein.

14.     Each of the defendants is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of Celestica common stock by disseminating materially false and misleading statements and/or concealing material adverse facts. The scheme: (i) deceived the investing public regarding Celestica's business, operations, management and the intrinsic value of Celestica securities; and (ii) caused plaintiff and other members of the Class to purchase Celestica securities at artificially inflated prices.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased the securities of Celestica during the Class Period, inclusive (the "Class") and who were damaged thereby. Excluded from the Class are defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

16.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Celestica common shares were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Celestica or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

17.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

18.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

19.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Celestica; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

20.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

21.     Defendant Celestica provides electronic manufacturing services to original equipment manufacturers in the computing, telecommunications, aerospace and defense, automotive, consumer electronics, and industrial sectors in Asia, the Americas, and Europe.

22.     The Class Period commences on July 27, 2006. On that date, Celestica issued a press release announcing its financial results for the second quarter of 2006, the period ending June 30, 2006. Defendant Delaney commented on the announcement stating in pertinent part as follows:

> The sequential revenue growth reflects the growing benefits from our focus on revenue diversification . . . With a backdrop of stable end markets, improved efficiencies in our high growth facilities, ramping new programs, and the completion of our restructuring activities, we are confident in continued revenue growth and stronger margins throughout 2006.

The press release provided the Company's "Outlook" stating in pertinent part as follows:

> **Outlook**
>
> For the third quarter ending September 30, 2006, the company anticipates revenue to be in the range of $2.15 billion to $2.35 billion, and adjusted earnings per share ranging from $0.12 to $0.20. The revenue outlook reflects a stable end market environment as well as additional volume from ramping new programs. **The anticipated improvement in adjusted earnings is being driven by continued benefits from our restructuring activities and increased efficiencies in our Mexico and European operations.** [Emphasis added.]

23.     In response to the positive earnings announcement, the price of Celestica stock surged rising from $7.87 per share to $9.54 per share, on heavy trading volume.

6

24. The statement referenced above in ¶22 was materially false and misleading when made because Defendants failed to disclose and/or misrepresented the following adverse facts, among others:

(a) that the Company was experiencing declining demand in its Mexican operations and that division was carrying significant amounts of unneeded inventory which would have to be written off;

(b) that the Company was experiencing declining demand in its Information Technology ("IT") and communications market segments as its larger customers scaled back purchases; and

(c) as a result of the foregoing, there was no reasonable basis to project adjusted earnings per share ranging from $0.12 to $0.20.

25. On October 26, 2006, Celestica issued a press release announcing its financial results for the third quarter of 2006, the period ending September 30, 2006. The Company reported revenue of $2.392 billion and adjusted net earnings of $0.18 per share for the quarter. Defendant Delaney commented on the results stating in pertinent part as follows:

> Revenues were very strong sequentially and year over year driven primarily by the growth realized in our consumer segment. Other segments were solid as well in this seasonally lower quarter . . . I'm pleased with the added diversification and the improvement in operating margins, despite the setbacks we've had in the performance of some of our facilities in the Americas and Eastern Europe. We remain focused on overcoming these challenges and accelerating the improvement in our returns on capital.

With respect to the fourth quarter, the Company reported that it "anticipates revenue to be in the range of $2.25 billion to $2.45 billion, and adjusted earnings per share to range from $0.15 to $0.23."

26. In response to the Company's announcement, the price of Celestica common stock declined from $11.74 per share to $10.16 per share on heavy trading volume. The statements

referenced above in ¶ 25 concealed the full extent of the problems at the Company's Mexican operations thereby maintaining the artificial inflation in the price of Celestica common stock.

27. On November 27, 2006, Celestica issued a press release announcing that Defendant Delaney had resigned his positions at the Company.

28. Then, on December 12, 2006, Celestica issued a press release announcing that it was updating its guidance for the fourth quarter of 2006, the period ending December 31, 2006. The press release stated in pertinent part as follows:

> Based on its current estimates, the company now expects revenue in the range of $2.20 to $2.25 billion, and adjusted net earnings per share of $0.00 to $0.06. The company's previous guidance for the fourth quarter, which was provided on October 26, 2006, was for revenue of $2.25 to $2.45 billion and $0.15 to $0.23 adjusted net earnings per share.
>
> The revision in revenue is due to recent demand reductions from several customers. Included in the revised adjusted net earnings per share is an expected net charge of between $0.08 to $0.12 resulting predominantly from an increase in inventory provisions at the Monterrey, Mexico facility.

29. In response to the Company's announcement, the price of Celestica common stock declined from $9.37 per share to $8.23 per share on heavy trading volume.

30. The market for Celestica's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, Celestica's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Celestica securities relying upon the integrity of the market price of Celestica's securities and market information relating to Celestica, and have been damaged thereby.

31. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Celestica's securities, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that

8

they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

32. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by plaintiff and other members of the Class. As described herein, during the Class Period, defendants made or caused to be made a series of materially false or misleading statements about Celestica's business, prospects and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of Celestica and its business, prospects and operations, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

### Additional Scienter Allegations

33. As alleged herein, Defendants acted with scienter in that defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, defendants, by virtue of their receipt of information reflecting the true facts regarding Celestica, their control over, and/or receipt and/or modification of Celestica's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Celestica, participated in the fraudulent scheme alleged herein.

### Applicability of Presumption of Reliance:
### Fraud on the Market Doctrine

34. At all relevant times, the market for Celestica's common stock was an efficient market for the following reasons, among others:

(a) Celestica stock met the requirements for listing, and was listed and actively traded on the NYSE, a highly efficient and automated market;

(b) As a regulated issuer, Celestica filed periodic public reports with the SEC and the NYSE;

(c) Celestica regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(d) Celestica was followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

35. As a result of the foregoing, the market for Celestica's common stock promptly digested current information regarding Celestica from all publicly available sources and reflected such information in Celestica's stock price. Under these circumstances, all purchasers of Celestica's common stock during the Class Period suffered similar injury through their purchase of Celestica's common stock at artificially inflated prices and a presumption of reliance applies.

### NO SAFE HARBOR

36. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements"

when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of Celestica who knew that those statements were false when made.

## LOSS CAUSATION/ECONOMIC LOSS

37.     During the Class Period, as detailed herein, defendants engaged in a scheme to deceive the market and a course of conduct that artificially inflated Celestica's stock price and operated as a fraud or deceit on Class Period purchasers of Celestica stock by misrepresenting the Company's business. During the Class Period, defendants made materially false and misleading statements which caused the Company's stock to trade at artificially inflated levels. Later, however, when defendants' prior misrepresentations were disclosed on October 26, 2006 and December 12, 2006 and became apparent to the market, Celestica stock fell precipitously as the prior artificial inflation came out of Celestica's stock price. As a result of their purchases of Celestica securities during the Class Period, plaintiff and other members of the Class have suffered economic loss, *i.e.*, damages under the federal securities laws.

## FIRST CLAIM

### Violation of Section 10(b) of
### the Exchange Act Against and Rule 10b-5
### Promulgated Thereunder Against All Defendants

38.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39. During the Class Period, Defendants disseminated or approved the materially false and misleading statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

40. Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

41. Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for Celestica securities. Plaintiff and the Class would not have purchased Celestica securities at the prices they paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by Defendants' misleading statements.

42. As a direct and proximate result of these Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their purchases of Celestica securities during the Class Period.

## SECOND CLAIM

### Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

43. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Celestica within the meaning of Section 20(a) of the Exchange Act as alleged herein. By reason of their positions as officers and/or directors of Celestica, and their ownership of Celestica stock, the Individual Defendants had the power and authority to cause Celestica to engage in the wrongful conduct

complained of herein. By reason of such conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

(b) Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: January 12, 2007

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)

SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Attorneys for Plaintiff

I:\Celestica\Pleadings\CPT.doc

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

RUSSELL HENNING ("Plaintiff") declares:

1. Plaintiff has reviewed a complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

**Acquisitions:**

| Date Acquired | Number of Shares Acquired | Acquisition Price Per Share |
|---|---|---|
| 11/21/06 (settlement date) | 300 | $9.74 |
| | | |
| | | |

**Sales:**

| Date Sold | Number of Shares Sold | Selling Price Per Share |
|---|---|---|
| | | |
| | | |
| | | |

5. Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below during the three years prior to the date of this Certification:

6. The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

CELESTICA

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of January, 2007.

_____
RUSSELL HENNING