# POSJ 253

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| IN RE CELESTICA INC. SECURITIES LITIGATION | ) ) ) ) ) | Civil Action No.: 07-CV-00312-GBD |

**EXPERT REPORT OF CHAD COFFMAN, CFA, IN REPLY TO THE EXPERT REPORT OF DR. VINITA M. JUNEJA DATED AUGUST 6, 2013**

These include: (1) weak end-market demand;[9] (2) concern over potential market share losses;[10] (3) profitability issues in Europe;[11] and (4) restructuring in Europe.[12] In my Report I articulated why, if Plaintiffs prove their case, all of this information should be considered corrective rather than confounding. In particular, I opined that Celestica-specific news that disclosed: (1) the true status of the 2005 Restructuring, (2) the true status of Celestica's inventory levels, (3) Celestica's insufficient and ineffective internal controls, or (4) the materialization of foreseeable risks stemming from the misrepresentations and omissions, represents corrective information.[13]  As will be described herein, the difference in the scope of what is considered corrective is the primary substantive dispute between the Coffman Report and the Juneja Report.

7.      Even if one were to accept all of Dr. Juneja's criticisms as accurate, her arguments do not come close to eliminating the price declines caused by corrective information. As a result, if Plaintiffs prove the other required elements of their liability case, Dr. Juneja's opinion implicitly concedes the existence of loss causation and damages. For example, Dr. Juneja does not dispute that at least a portion of the new information on January 27, 2006, October 27, 2006, December 12, 2006, and January 31, 2007 is corrective and caused a portion of the statistically significant price declines on those days.

---

[9] Juneja Report at ¶¶39-43, 58-59, 63-65, 97.

[10] Juneja Report at ¶¶12, 46, 66-68, 101-105.

[11] Juneja Report at ¶¶28, 47, 69, 106.

[12] Juneja Report at ¶¶28, 32, 47, 51, 54-55, 62.

[13] In my Report at ¶12, I made a typographical error when I said ―he materialization of foreseeable risks stemming from such disclosures." I intended to say ―the materialization of foreseeable risks stemming from misstatements and omissions." I have corrected that error herein.

that there is at least some corrective information released.[26] Though she claims that there is also confounding information released on certain of these days, she does not dispute that there was corrective information at least in part responsible for the abnormal price decline.[27]

22.    In addition, Dr. Juneja does not dispute that there was a statistically significant price decline on each and every Corrective Disclosure Event. Therefore, while Dr. Juneja disputes that the entire price decline is due to corrective information, she implicitly acknowledges that at least some of the price declines were caused by information she does not dispute is corrective.

## F.  DR. JUNEJA DOES NOT DISPUTE THAT INVESTORS SUFFERED DAMAGES AS A RESULT OF THE ALLEGED MISREPRESENTATIONS AND OMISSIONS

23.    While Dr. Juneja might dispute the quantum of damages, she implicitly acknowledges that if Plaintiffs are successful in demonstrating Celestica's liability related to the Restructuring involving shifting operations to Mexico"[28] then damages were suffered as a result of the Corrective Disclosure Events on January 27, 2006, October 27, 2006, December 12, 2006 and January 31, 2007.[29]

## G.  DR. JUNEJA DOES NOT OBJECT TO MY DESCRIPTION OF HOW DAMAGES SHOULD BE CALCULATED

24.    In Section X of my Report I opined on how damages should be calculated after determining the appropriate level of artificial inflation in the stock price. While Dr. Juneja and I disagree with respect to the quantum of inflation, she offers no rebuttal to Section X of my

---

[26] The details of what information she does not dispute is corrective for the remainder of the Corrective Disclosure Events is contained in my detailed discussion of each event in **Section IV**.

[27] Juneja Report at ¶100.

[28] Juneja Report at ¶3.

[29] Juneja Report at ¶62, ¶99, Exhibits 3 and 6.