UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE CELESTICA INC. SEC. LITIG.

No. 07-CV-00312-GBD

<u>CONTAINS INFORMATION SUBJECT TO PROTECTIVE ORDER</u>

DECLARATION OF AARON F. MINER IN
SUPPORT OF DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Aaron Miner declares under the penalty of perjury as follows:

1. I am an attorney admitted to the Bar of the State of New York and to this Court and an associate at Kaye Scholer LLP, counsel for defendants Celestica Inc. ("Celestica"), Stephen Delaney, and Anthony Puppi in the above-captioned case.

2. I make this declaration in support of defendants' brief in opposition to plaintiffs' motion for class certification, the appointment of plaintiffs as class representatives, and the appointment of Labaton Sucharow LLP as class counsel (the "Class Certification Motion"), dated June 28, 2013, to put certain documents before the Court.

3. Exhibit 1 is a true and correct copy of the amended complaint in the action *Trustees of the Millwright Regional Council of Ontario Pension Trust Fund v. Celestica Inc.*, No. CV-11-424069 00CP (Ontario Sup. Ct.) (the "Ontario Class Action"), as filed in the Ontario Superior Court of Justice on December 27, 2012. The Ontario Class Action is being prosecuted by putative lead plaintiffs Trustees of the Millwright Regional Council of Ontario Pension Trust Fund ("Millwright"), Nabil Berzi, and Huacheng Xing against Celestica, Delaney, and Puppi on

behalf of a proposed class of persons who acquired Celestica stock during the period January 27, 2005 through January 30, 2007 by either a primary distribution in Canada or an acquisition on the Toronto Stock Exchange ("TSX") or other secondary market in Canada and who held some or all of those shares at the close of trading on the TSX on January 30, 2007. Plaintiffs assert against defendants common law claims for negligent misrepresentation and statutory claims for misrepresentation under Part XXIII.1 of the Ontario Securities Act, R.S.O. 1990, c. S.5.

4. Exhibit 2 is a true and correct copy of the letter from Erin H. Rump, counsel for plaintiffs, to Aaron F. Miner, counsel for defendants, dated July 9, 2012.

5. Exhibit 3 is a true and correct copy of plaintiffs' responses and objections to defendants' first set of interrogatories, dated April 16, 2012.

6. Exhibit 4 is a true and correct copy of plaintiffs' first amended responses and objections to defendants' first set of interrogatories, dated May 23, 2012.

7. Exhibit 5 is a true and correct copy of plaintiffs' second amended responses and objections to defendants' first set of interrogatories, dated December 5, 2012.

8. Exhibit 6 is a true and correct copy of the letter from Erin H. Rump, counsel for plaintiffs, to Jeffrey A. Fuisz, counsel for defendants, dated July 27, 2012.

9. Exhibit 7 is a true and correct copy of the letter from Alan I. Ellman, counsel for plaintiffs, to Phillip A. Geraci, et al., counsel for defenadants, and enclosures, dated April 17, 2013.

10. Exhibit 8 is a true and correct copy of excerpts of the final transcript of the April 25, 2013 deposition of Michael Neheli. Mr. Neheli was a senior consultant for Manion Wilkins, the plan administrator for Millwright, Drywall Acoustic Lathing and Insulation Local 675 Pension Fund ("DALI"), and Carpenters' Local 27 Benefits Trust Funds ("Carpenters")

(collectively, the "foreign-cubed plaintiffs") during the period January 27, 2005 and January 30, 2007 (the "Putative Class Period"). Mr. Neheli testified on behalf of all three foreign-cubed plaintiffs as their designated Rule 30(b)(6) witness.

11. Exhibit 9 is a true and correct copy of excerpts of the final transcript of the April 24, 2013 deposition of Jessie Evans. Mr. Evans is the director of plaintiff New Orleans Employees' Retirement System ("NOERS"). Mr. Evans testified on behalf of NOERS as its designated Rule 30(b)(6) witness.

12. Exhibit 10 is a true and correct copy of excerpts of plaintiffs' responses and objections to defendants' first set of contention interrogatories, dated July 10, 2013.

13. Exhibit 11 is a true and correct copy of excerpts of the final transcript of the February 19, 2013 deposition of Ruben Blanco (a/k/a "CW 5"), who testified that he was a customer program manager at Celestica's Fort Collins, Colorado, facility during a portion of the Putative Class Period.

14. Exhibit 12 is a true and correct copy of excerpts of the final transcript of the February 11, 2013 deposition of Roland Randall (a/k/a "CW 6"), who testified that he was a planner/buyer at Celestica's Carrollton, Texas, facility during the Putative Class Period.

15. Exhibit 13 is a true and correct copy of excerpts of the final transcript of the February 26, 2012 deposition of Kevin King (a/k/a "CW 10"), who testified that he was a regional logistics manager at Celestica during a portion of the Putative Class Period.

16. Exhibit 14 is a true and correct copy of excerpts of the final transcript of Catalina Chamseddine (a/k/a "CW 2"), who testified that she was director of operations at Celestica's Austin, Texas, facility during a portion of the Putative Class Period.

17. Exhibit 15 is a true and correct copy of excerpts of the final transcript of the February 12, 2012 deposition of Jamison Gilveli (a/k/a "CW 14"), who testified that he was a business controls manager at Celestica's Monterrey, Mexico facility during a portion of the Putative Class Period.

18. Exhibit 16 is a true and correct copy of the letter from Alan I. Ellman, counsel for plaintiffs, to Philip A. Geraci, et al., counsel for defendants, dated December 18, 2012.

19. Exhibit 17 is a true and correct copy of the answers to undertakings given by Lisa Watts, representative of BMO Asset Management, investment manager for DALI, pursuant to Ontario discovery rules, dated September 11, 2013.

20. Exhibit 18 is a true and correct copy of excerpts of the final transcript of the April 18, 2013 deposition of Brent Fredberg, a representative of Brandes Investment Partners, L.P. ("BIP"), investment manager for NOERS.

21. Exhibit 19 is a true and correct copy of a chart produced by BIP purporting to list NOERS' trades in Celestica stock from December 30, 2004 through February 7, 2007.

22. Exhibit 20 is a true and correct copy of the BIP Q3 2007 portfolio review for NOERS, as produced by BIP.

Dated: New York, New York
September 27, 2013

_____
Aaron F. Miner