USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 06 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――― x
：
: Civil Action No. 07-CV-00312-GBD
：
IN RE CELESTICA INC. SEC. LITIG. : (ECF CASE)
：
: Hon. George B. Daniels
：
：
――――――――――――――――――――― x

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

WHEREAS:

A. As of April 17, 2015, New Orleans Employees' Retirement System and Drywall Acoustic Lathing and Insulation Local 675 Pension Fund ("Class Representatives"), on behalf of themselves, Lead Plaintiffs, and the Class, on the one hand, and Celestica Inc. ("Celestica"), Stephen W. Delaney, and Anthony P. Puppi (the "Individual Defendants", and together with Celestica, "Defendants"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Consolidated Class Action Complaint, filed on November 21, 2007, on the merits and with prejudice (the "Settlement");

B. By Order dated August 20, 2014, the Court certified the Action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure as a class action on behalf of all persons and entities that purchased or acquired Celestica's common stock on a United States stock exchange during period between January 27, 2005 and January 30, 2007, inclusive, (the "Class

Period") and who were damaged thereby. Excluded from the Class are: (i) the current or former Defendants; (ii) members of the immediate families of the current or former Individual Defendants; (iii) all subsidiaries and affiliates of the current or former Defendants; (iv) any person or entity who was a partner, executive officer, director, or controlling person of Celestica; (v) all entities in which any current or former Defendant has or had a controlling interest; (vi) the current or former Defendants' directors' and officers' liability insurance carriers, and all affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded party.

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits;

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _6TH_ day of _May_, 2015 that:

1. **Preliminary Approval of the Settlement**. This Court has reviewed the Stipulation and preliminarily finds the Settlement forth therein to be fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2. **Settlement Hearing**. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _July 28_, 2015 at _10:00_ a.m. for the following purposes: (i) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) to determine whether a

2

Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered and whether the releases set forth in the Stipulation should be provided to the Parties; (iii) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved; (iv) to determine whether the motion by Class Counsel for an award of attorneys' fees and payment of expenses (which may include an application for an award of reasonable costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(4)) should be approved; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

3.  The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Court may also enter the Judgment regardless of whether it has approved the Plan of Allocation or the Fee and Expense Application, in whole or in part.

4.  **Notice**. The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

5.  The Court approves the retention of The Garden City Group, LLC as the Claims Administrator. The Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before then (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort. Celestica, to the extent it has not already done so, shall use its best efforts to obtain and provide to Class Counsel, or the Claims Administrator, no later than five (5) business days after entry of this Preliminary

Approval Order, transfer records in electronic searchable form containing the names and addresses of Persons who purchased or acquired the common stock of Celestica on a United States stock exchange during the Class Period.

6. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Celestica common stock on a United States stock exchange during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, or (ii) request additional copies of the Notice and Proof of Claim and, within seven (7) calendar days of receipt of such copies from the Claims Administrator, send them by first-class mail directly to the beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners are also required to promptly send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners. Record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

7. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

8.  The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Class Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9.  The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10. **Proof of Claim**. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court order or by Class Counsel in its discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight U.S. mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net

5

Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement.

      (b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

      (c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

11.    **Appearance**. Any Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any

Class Member does not enter an appearance, he, she, or it will be represented in the Action by Class Counsel.

12. **Exclusions**. Under the terms of the Stipulation, any Person that otherwise qualifies as a Class Member but properly excludes himself, herself, or itself by timely submitting a valid request for exclusion in accordance with the requirements set forth below and in the Notice, are excluded from the Class.

13. Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner as hereinafter provided. A putative Class Member wishing to make such an exclusion request shall mail the request in written form to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must (i) state the name, address and telephone number of the Person seeking exclusion; (ii) state that the sender requests "exclusion from the Class in *In re Celestica Inc. Securities Litigation*, No. 07-CV-00312 (S.D.N.Y.);" (iii) state the number of shares of Celestica common stock purchased, acquired, and/or sold on a United States stock exchange during the Class Period as well as the dates and prices of each such purchase, acquisition, and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

14. Class Members requesting exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

15. **Objections**. The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application only if such Class Member has served by hand or by mail his, her, or its written objection and supporting papers such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Class Counsel: Thomas A. Dubbs and James W. Johnson, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Phillip A. Geraci and Jeffrey A. Fuisz, Kaye Scholer LLP, 250 West 55th Street, New York, NY 10019, and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the Fee and Expense Application, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary. However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16. **Stay**. Pending final determination of whether the Settlement should be approved, Class Representatives, Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

17. **Settlement Administration Expenses**. As provided in the Stipulation, prior to the Effective Date, Class Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from Defendants and without further order of the Court.

18. **Supporting Papers**. All papers in support of the Settlement, Plan of Allocation, and Class Counsel's Fee and Expense Application shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. Reply papers are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

19. **Settlement Fund**. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Class Member or Class Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21.     **Plan of Allocation**. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or payment of expenses, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22.     **Termination**. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of February 24, 2015.

23.     **Jurisdiction**. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement

Dated: MAY 06 2015, 2015

_____
Honorable George B. Daniels
UNITED STATES DISTRICT JUDGE