# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CELESTICA INC.<br>SECURTIES LITIGATION | ) Civil Action No.07-CV-00312-GBD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OBJECTION OF JEFF M. BROWN TO PROPOSED SETTLEMENT**

NOW COMES, Pro Se Objector JEFF M. BROWN, hereby files these objections to the proposed settlement in this matter.

**PROOF OF MEMBERSHIP IN CLASS**

Upon information and belief Jeff M. Brown has received notice that he is a member of the class as defined in that certain Notice of Class Action Settlement and Plan of Allocation dated May 20, 2015. He intends to file a claim in this matter on or before July 28, 2015. His address and telephone number are listed at the conclusion of this objection.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does not intend to appear at the Fairness Hearing presently scheduled for July 28, 2015, at Daniel Patrick Moynihan United States Courthouse, Courtroom 14-C, 500 Pearl Street, New York, NY 10007.

### I.

Reason for Objecting to Settlement:

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable and adequate.

1. Claims administration process fails to require reliable oversight, accountability, and reporting about whether the claims process actually delivers what was promised.
2. Timeframes and deadlines benefit Defendants and Class Counsel, but not Class Members; No timeframe for completing administration of the Monetary Relief is set, so Class Members cannot know when payment would arrive.
3. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing settlement.
4. Attorney fees do not depend upon how much relief is actually paid to the Class Members.
5. The fee calculation is unfair in that the percentage of the settlement amount is far too high. (The claims process is cumbersome, unreasonable and designed to deprive Class Members of the relief which the Settlement Agreement purports to provide.
6. Any fee awarded prior to knowing the amount of relief actually paid to Class Members must be limited to lodestar calculation.
7. Fee request is not reasonable in the absence of documentation, including billing records, which can be evaluated by Class Members and the Court.
8. The *cy pres* funds need to be used to benefit certain Class Members.
9. Attorneys' fees are disproportionate to the value of the Recovery of the Class.
10. The objector herein hereby adopts and joins in all other objections, if any, which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Dated: July 6, 2015

By: /s/ Jeff M. Brown, Pro Se
Jeff M. Brown, Pro Se
750 South Dixie Highway
Boca Raton, FL 33432
Telephone: (561)395-0000
Facsimile: (561)395-9093
Email: jbrown@lavallebrown.com
efiling@lavallebrown.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, I filed, this Objection via overnight delivery, the foregoing with the Clerk of the Court of the United States District Court for the Southern District of New York.

I certify that all participants listed in the Notice of Pendency of Class Action dated May 20, 2015 for this were served via overnight delivery to wit:

CLASS COUNSEL
Thomas A. Dubbs, Esquire
James W. Johnson, Esquire
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

DEFENSE COUNSEL
Phillip A. Geraci, Esquire
Jefffery A. Fuisz, Esquire
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019