USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/28/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————— x
: Civil Action No.: 07-CV-00312-GBD
:
IN RE CELESTICA INC. SEC. LITIG.     : (ECF CASE)
:
: Hon. George B. Daniels
:
——————————————— x

## ~~~~~~~ FINAL ORDER AND JUDGMENT

WHEREAS:

A. As of April 17, 2015, New Orleans Employees' Retirement System and Drywall Acoustic Lathing and Insulation Local 675 Pension Fund ("Class Representatives"), on behalf of themselves, Lead Plaintiffs, and the Class, on the one hand, and Celestica Inc. ("Celestica" or the "Company"), Stephen W. Delaney, and Anthony P. Puppi (the "Individual Defendants", and together with Celestica, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action").

B. By Order dated August 20, 2014, the Court certified the Action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure as a class action on behalf of all persons and entities that purchased or acquired Celestica's common stock on a United States stock exchange during the period between January 27, 2005 and January 30, 2007, inclusive, and who were damaged thereby. Excluded from the Class are: (i) the current or former Defendants; (b) members of the immediate families of the current or former Individual Defendants; (iii) all subsidiaries and affiliates of the current or former Defendants; (iv) any person or entity who was a partner, executive officer, director, or controlling person of Celestica; (v) all entities in which any current or former Defendant has or had a controlling interest; (vi) the current or former

Defendants' directors' and officers' liability insurance carriers, and all affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors and assigns of any such excluded party.

C. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered May 6, 2015 (the "Preliminary Approval Order"), the Court scheduled a hearing for July 28, 2015, at 10:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered.

D. The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.

E. The Notice and the Summary Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any

objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by July 7, 2015.

F. The provisions of the Preliminary Approval Order as to notice were complied with.

G. On June 23, 2015, Class Representatives moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on July 28, 2015, at which time all interested Persons were afforded the opportunity to be heard.

H. This Court has duly considered Class Representatives' motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on April 17, 2015; and (b) the Notice, which was filed with the Court on June 23, 2015. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of

Class Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Class Members' right to object or seek exclusion from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other applicable law and rules.

4. Pursuant to Fed. R. Civ. P. 23, excluded from the Class is any person who timely and validly sought exclusion from the Class in accordance with the requirements set forth in the Notice. A list of all Persons properly excluded from the Class is annexed hereto as Exhibit A.

5. The Court has received one objection to the Settlement, which was submitted by Jeff M. Brown. The Court finds and concludes that Mr. Brown has not established that he is a Class Member with standing to bring the objection and it is overruled on that basis. The Court has also considered the issues raised in the objection and finds that, even if Mr. Brown were to have standing to object, the objection is without merit. The objection is therefore overruled in its entirety.

6. In light of the benefits to the Class, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Class Representatives and the Class. This

Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Class Representatives, the Class, and Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The Consolidated Class Action Complaint, filed on November 21, 2007, is hereby dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

8. The Court further finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9. Upon the Effective Date, Class Representatives, Lead Plaintiffs, and each and every other Class Member on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

10. Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting,

prosecuting, or maintaining any of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

11. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

12. This Judgment and the Stipulation, whether or not consummated, and any discussions, negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of Defendants, Class Representatives, Lead Plaintiffs, or Class Members for any purpose other than in an action to enforce the terms thereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representatives, Lead Plaintiffs, and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representatives, Lead Plaintiffs, or

any other member of the Class as evidence of any infirmity in the claims of Class Representatives, Lead Plaintiffs, or the other members of the Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Class Representatives, Lead Plaintiffs, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Class Representatives, Lead Plaintiffs, other members of the Class, or their respective counsel, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendants, Class Representatives, Lead Plaintiffs, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representatives, Lead Plaintiffs, or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

13. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent

provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

17. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____, 2015

_George B. Daniels_
Honorable George B. Daniels
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

1. Peter Arrowsmith - Toronto, Canada